3118-134

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED JAN 28 2011 JUDGE JAMES B. ZAGEL UNITED STATES DISTRICT COURT**

| | |
|---|---|
| JOSE SANTANA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 06 CV 01775 |
| | ) 06cv1775 |
| | ) Judge James B. Zagel |
| LIEUTENANT CODY #105, et al., | ) |
| Defendants | ) |

## HAROLD GRIMES' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the defendant, Harold Grimes, by his attorneys, LITCHFIELD CAVO, LLP, and moves this court for entry of an order granting him judgment as a matter of law to each of the claims which remain pending against him. In support of his motion, Harold Grimes submits the attached Memorandum of Law.

WHEREFORE, the defendant, Harold Grimes, prays for entry of an order granting him judgment as a matter of law as to each of the claims that remain pending against him.

LITCHFIELD CAVO, LLP.

By: _____
Attorneys for the defendants,
Jason Keeling, Scott O'Kane
and Harold Grimes

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

# CERTIFICATE OF SERVICE

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Harold Grimes' Motion for Judgment as a Matter of Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 28th day of January, 2011.

_____
Attorneys for the defendants,
Jason Keeling, Scott O'Kane
and Harold Grimes

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE SANTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 06 CV 01775 |
| vs. | ) |
| | ) Judge James B. Zagel |
| LIEUTENANT CODY #105, et al., | ) |
| | ) |
| Defendants | ) |

### OFFICER HAROLD GRIMES' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the defendant, Harold Grimes, by his attorneys, LITCHFIELD CAVO, LLP, and submits the following Memorandum of Law in support of his motion for judgment as a matter of law:

### I. LEGAL STANDARD

Rule 50(a) allows a court to enter judgment as a matter of law when a "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on that issue. FRCP 50(a). The standard for granting judgment as a matter of law "mirrors" that of the granting of summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097 (2000). Consequently, a court must consider the record in its entirety and view the evidence in the light most favorable to the party against whom judgment is sought. *Massey v. Blue Cross Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000). The court should consider all of the evidence, but must draw all reasonable inferences in favor of the non-moving party and must not make credibility determinations or weigh the evidence. *Reeves*, 530 U.S. at 150. In other words,

the court should "give credence to the evidence favoring the non-movant as well as the evidence supporting the moving party that is un-contradicted and un-impeached, at least to the extent that the evidence comes from disinterested witnesses. *Id.* at 151.

## II. THE PLAINTIFF HAS ADMITTED IN OPEN COURT THAT HAROLD GRIMES DID NOT SUBJECT HIM TO EXCESSIVE FORCE

To prevail in the claims he has asserted against Officer Grimes, Santana must show that Officer Grimes was personally involved in the alleged deprivation of his constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1982). Put another way, Santana must show that Officer Grimes actually caused or participated in the alleged violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1992).

During both his direct and cross examinations, Mr. Santana admitted that Officer Grimes did not strike, kick, batter or subject him to any force, whatsoever, let alone excessive force. Further, Santana himself testified that Officer Grimes was not present at the Garcia residence. Consequently, Officer Grimes is entitled to judgment as a matter of law as to plaintiff's excessive force claim.

## III. OFFICER GRIMES IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S EXCESSIVE FORCE CLAIM.

When considering the question of qualified immunity, the district court is required to resolve two questions: (1) does the conduct plaintiff attributes to the defendant set out a constitutional violation, and (2) were the constitutional standards clearly established at the time in question. *Saucier v. Katz*, 533 U.S. 201, 121 S.Ct. 2151 (2001). Whether a defendant is entitled to qualified immunity "turns on the objective reasonableness of the actions taken by the defendant." *Hall v. Ryan*, 950 F.2d 402, 404 (7th Cir. 1992). Where a defendant asserts qualified immunity from suit, the plaintiff has the burden of establishing the existence of a clearly

established right. *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1174 (7th Cir. 1997). To meet this burden, the plaintiff must offer closely analogous case law or evidence which demonstrates that the defendant's conduct is so patently violative of a constitutional right that reasonable officials would know that their conduct violates the constitution without guidance from the courts. *Rice v. Burks*, 999 F.2d 1172, 1173-74 (7th Cir. 1993).

Officer Grimes is entitled to qualified immunity, inasmuch as the plaintiff admitted Officer Grimes was not present at the Garcia residence and was not involved in his arrest. He has not identified Grimes as an individual who has used any force against him, let alone excessive force. As a result, the conduct he attributes or, more accurately, the non-conduct he attributes to Officer Grimes does not set out a constitutional violation, and thus, Officer Grimes is entitled to qualified immunity as to plaintiff's excessive force claim.

### IV. OFFICER GRIMES IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S FAILURE TO INTERVENE CLAIM

The Seventh Circuit has held that, under certain circumstances, a police officer's failure to intervene to prevent another officer from violating a person's civil rights may render that officer liable under Section 1983. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). In order to establish a claim against a police officer for failing to intervene to prevent excessive force, a plaintiff must show that the officer: (1) had reason to know that excessive force was being used; and (2) had a realistic opportunity to intervene to prevent the harm from occurring. *Elrod v. Yerke*, 06 CV 2505, 2009 WL 2851848, *6 (N.D.Ill. August 28, 2009). Plaintiff must produce sufficient evidence which shows an officer had reason to know that excessive force was being used and had a reasonable opportunity to intervene to prevent the harm from occurring. *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008). In this case, plaintiff cannot establish either of these two elements against Officer Grimes.

3

Taking the evidence in the light most favorable to Santana, it is obvious that he has failed to establish the elements of his failure to intervene claim. He readily concedes that Officer Grimes was not present at the Garcia residence when he was arrested and taken into custody. He likewise admits that Officer Grimes was not present when he was escorted from the back yard out to the front of the residence and placed in a Forest Park police squad car. If Santana is to be believed, Officer Grimes did not deploy the Taser, but simply was present while Officer Keeling did so (again, if plaintiff is to be believed). According to Santana, officers Keeling and Grimes walked into the cell block, and Officer Keeling walked up to the bars of his cell, displayed the Taser, pointed it at him, and activated it and caused Taser probes to strike him. Santana further testified that less than 10 seconds elapsed between the point where Officer Keeling displayed and activated the Taser. Quite plainly, Officer Grimes did not have a realistic opportunity to intervene to prevent the alleged harm, and therefore, plaintiff's failure to intervene claim must fail. Similarly, as explained above, Officer Grimes is entitled to qualified immunity, inasmuch as the conduct Santana attributes to him does not set out a constitutional violation. Further, a reasonable officer in Officer Grimes' position would not know that his alleged failure to intervene violates the constitution without some guidance from the courts. To expect Officer Grimes to somehow prevent another officer from using a non-lethal device without creating further risk to the officer, himself, and the arrestee is, to say the least, unrealistic.

V. **OFFICER GRIMES IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

Plaintiff's prayer for relief includes a request for punitive damages.

It is well established that punitive damages are available in cases brought under Section 1983 only upon a showing of "evil motive or intent, or reckless or callous indifference to the

4

federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). In view of Santana's failure to produce evidence which would support a verdict against Officer Grimes for either excessive force or a failure to intervene, Santana's punitive damages claim should be dismissed with prejudice. Santana has utterly failed to produce any evidence which shows that Officer Grimes engaged in any conduct, let alone conduct motivated by evil intent or callous indifference to his federally protected rights.

WHEREFORE, the defendant, Officer Grimes, prays for judgment as a matter of law and for any additional relief the court deems proper.

LITCHFIELD CAVO, LLP.

By: _____
Attorneys for the defendants,
Jason Keeling, Scott O'Kane
and Harold Grimes

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

5

## CERTIFICATE OF SERVICE

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Officer Harold Grimes' Memorandum of Law in Support of Motion for Judgment as a Matter of Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 20th day of January, 2011.

                                                  Attorneys for the defendants,
                                                  Jason Keeling, Scott O'Kane
                                                  and Harold Grimes

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax